The Honorable Gene Jeffress State Senator 1483 Ouachita 47 Louann, AR 71751-8761
Dear Senator Jeffress:
I am writing in response to your request for an opinion on the following:
 I need an Attorney General's Opinion on whether the Ouachita County Sheriff's Department qualifies for [federal tax exempt status under 26 U.S.C. § 501(c)(3)].
 The Department has the opportunity to obtain monies from private organizations for equipment and additional personnel monies. The corporations are in question if the Ouachita County Sheriff's Department is already qualified [as a 501(c)(3) corporation]. If not, please advise the legal process that is necessary to qualify.
RESPONSE
In my opinion, the federal tax exemption in 26 U.S.C. § 501(c)(3) does not include an instrumentality of a political subdivision of the State, such as the Ouachita County Sheriff's Department. According to Internal Revenue Service ("I.R.S.") interpretation, such a department can not be reconfigured to avail itself of the benefits of tax-exempt status under 26 U.S.C. § 501(c)(3). Contributions to political subdivisions can be tax-exempt, however, under 26 U.S.C. § 170(c)(1) if the contributions are made exclusively for a public purpose. If documentation is required to prove the tax-exempt status of a governmental subdivision, the Internal Revenue Service must issue a letter ruling in accordance with Revenue Procedure 2006-1. For further information regarding the application for such a letter ruling, the Department should consult with its local counsel and may contact the Internal Revenue Service at 1-877-829-5500.
Under 26 USC § 501(c)(3), revenue from certain corporations is exempt from taxation under subtitle A of the Internal Revenue Code. Specifically, 26 U.S.C. § 501(c)(3) exempts from taxation:
 Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, testing for public safety, literary, or educational purposes, or to foster national or international amateur sports competition (but only if no part of its activities involve the provision of athletic facilities or equipment), or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual. . . .
Id. As explained in I.R.S. Publication 557, neither a state or municipality nor "integral part of the local government" or an instrumentality of a state or local government that "possesses governmental powers" qualifies for a § 501(c)(3) exemption. I.R.S. Publication 557, Tax-Exempt Status for YourOrganization, 16 (2005).
Nonetheless, contributions to political subdivisions of a State may be tax deductible, but only if the contribution or gift is made exclusively for public purposes. 26 U.S.C. § 170(c)(1). Governmental entities may obtain a letter order from the IRS formally declaring the tax exempt status of such an entity. The IRS notes that these declarations are often sought in conjunction with the receipt of grants or donations, similar to the situation you have described. These letter orders are promulgated pursuant to Revenue Procedure 2006-1. The Department may therefore wish to consult with its local counsel with regard to this procedure. Further information regarding this process may be obtained by contacting the Internal Revenue Service Tax Exempt/Governmental Entity Cincinnati call site at 1-877-829-5500.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh